UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUSTAVO DE LA PAZ SALAZAR, (A#246-059-190), MANUEL ARRELLANO RAMIREZ, (A#234-034-800), JULIAN DE LA ROSA GONZALEZ, (A#235-831-747), LUIS LOPEZ VASQUEZ, (A#086-240-132),

Petitioners,

v.

KRISTI NOEM, et al.,

Respondents.

No.  1:26-cv-00899-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioners are federal immigration detainees who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Factual and Procedural History**

Petitioners are four separate noncitizens who were detained by Immigration and Customs Enforcement ("ICE") on different dates between August and October 2025.  ECF No. 1.  The record before the Court does not contain the exact dates in which they entered the United States, but they all acknowledge that they entered without inspection and were not lawfully admitted or paroled into this country.  ECF No. 1.  None of the petitioners indicate that they had any prior

1

contact with immigration officials before their 2025 detention despite living in the United States for, in most cases, over twenty years.[1]  ECF No. 1.  Nor does the record demonstrate that any of the petitioners sustained criminal convictions that subject them to mandatory detention pursuant to 8 U.S.C. § 1226(c).  ECF No. 1 at 38; ECF No. 1-2 at 30, 35, 39.  Petitioners do not have pending final orders of removal.

In claim one, petitioners assert that they are Maldonado Bautista "Bond Eligible" class members who are entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) based on that class action litigation in the Central District of California.  ECF No. 1 at 9-10.  See Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.).  In claim two, petitioners contend that their ongoing detention without a bond hearing violates 8 U.S.C. § 1226(a).  ECF No. 1 at 10.  Finally, in claim three, petitioners challenge their detention pursuant to the Fifth Amendment's Due Process Clause.  Id. at 11.  By way of relief, petitioners request their immediate release or, in the alternative, a bond hearing within seven days pursuant to 8 U.S.C. § 1226(a) before a neutral immigration judge that fully comports with due process, does not rely on "mechanistic factors" common to all noncitizens present without admission, and is based only on evidence specific to each individual petitioner that pertains to danger to the community or flight risk."  ECF No. 1 at 4.

Following briefing on petitioners' motion for a temporary restraining order, the District Judge assigned to this matter converted it into a motion for a preliminary injunction and denied it without prejudice on February 23, 2026.  ECF No. 14.  The District Judge found that petitioners had not demonstrated a likelihood of success on claim one as Maldonado Bautista class members so as to warrant injunctive relief.  ECF No. 14.  The TRO motion did not include the additional due process and INA claims presented in claims two and three of the § 2241 petition.  See ECF No. 14 at 13 n. 8.

Respondents elected not to submit further briefing following the denial of the preliminary

---

[1]  Mr. Arrellano Ramirez came to the U.S. in "approximately 2001."  ECF No. 11 at 3.  Mr. Rosa Gonzalez last entered the U.S. in 1999.  ECF No. 1-2 at 35.  Mr. Lopez Vasquez "has resided in the United States since approximately 1994."  ECF No. 1 at ¶ 18.

2

injunction and, instead, chose to submit the § 2241 claims on the existing record.  ECF No. 16.  In response to the TRO motion, respondents asserted that petitioners are "applicant[s] for admission" who are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) because they entered the United States illegally and were not apprehended at the border.  ECF No. 8 at 1. Respondents further contend that "none of the Petitioners had prior releases in the discretion of DHS, in contrast with the petitioners in" previous decisions issued by this Court, and therefore petitioners do not have a vested liberty interest in their continued freedom.  ECF No. 8 at 1-2.

In their traverse, petitioners point out that the parties agree that they entered the U.S. without inspection and are present without being admitted.  ECF No. 17 at 2.  Based on this uncontested aspect of the record, petitioners submit that they are "statutorily eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a) and … are not subject … to mandatory detention under § 1225(b)(2)."  ECF No. 17 at 2.

On April 2, 2026, petitioner Julian De La Rosa Gonzalez filed a notice voluntarily dismissing his claims in the habeas petition.  ECF No. 18.

## II.    Legal Standards

### A.  Jurisdiction

The federal habeas statute confers subject matter jurisdiction over challenges to any individual's confinement "in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  This case presents both statutory and constitutional challenges to petitioner's ongoing immigration detention.  This court has jurisdiction.

### B.  Applicable Immigration Detention Statute

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).  The Supreme Court described the detention statutes at issue in this case, 8 U.S.C. § 1225 and 8 U.S.C. § 1226, in some detail in Jennings v. Rodriguez, 583 U.S. 281 (2018):

> To implement its immigration policy, the Government must be able

3

to decide (1) who may enter the country and (2) who may stay here after entering.

That process of decision generally begins at the Nation's borders and ports of entry, where the Government must determine whether a[] [non-citizen] seeking to enter the country is admissible. Under [] 8 U.S.C. § 1225, [a non-citizen] who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.' Applicants for admission must 'be inspected by immigration officers' to ensure that they may be admitted into the country consistent with U.S. immigration law. § 1225(a)(3).

As relevant here, applicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2). Section 1225(b)(1) applies to [non-citizens] initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. See § 1225(b)(1)(A)(i) (citing §§ 1182(a)(6)(C), (a)(7)). Section 1225(b)(1) also applies to certain other [non-citizens] designated by the Attorney General in his discretion. See 8 U.S.C. § 1225(b)(1)(A)(iii). Section 1225(b)(2) is broader. It serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here). See §§ 1225(b)(2)(A), (B).

Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain [non-citizens]. [Non-citizens] covered by § 1225(b)(1) are normally ordered removed 'without further hearing or review' pursuant to an expedited removal process. § 1225(b)(1)(A)(i). But if a § 1225(b)(1) [non-citizen] 'indicates either an intention to apply for asylum ... or a fear of persecution,' then that [non-citizen] is referred for an asylum interview. § 1225(b)(1)(A)(ii). If an immigration officer determines after that interview that the [non-citizen] has a credible fear of persecution, 'the [non-citizen] shall be detained for further consideration of the application for asylum.' § 1225(b)(1)(B)(ii). [Non-citizens] who are instead covered by § 1225(b)(2) are detained pursuant to a different process. Those [non-citizens] 'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country. 8 U.S.C. § 1225(b)(2)(A).

….

Even once inside the United States, [non-citizens] do not have an absolute right to remain here. For example, [a non-citizen] present in the country may still be removed if he or she falls 'within one or more ... classes of deportable [non-citizens].' 8 U.S.C. § 1227(a). That includes [non-citizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission. See §§ 1227(a)(1), (2).

Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal. Section 1226(a) sets out the default rule: The Attorney General may issue a warrant

4

for the arrest and detention of [a non-citizen] 'pending a decision on whether the [non-citizen] is to be removed from the United States.' § 1226(a). 'Except as provided in subsection (c) of this section,' the Attorney General 'may release' [a non-citizen] detained under § 1226(a) 'on ...bond' or 'conditional parole.'

Id. at 286-89 (footnote omitted).[2]

### III.     Analysis

The Court turns first to the claim in the § 2241 petition asserting that petitioners' ongoing detention without a bond hearing violates 8 U.S.C. § 1226(a). Respondents' argument that petitioners are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) is based on the minority viewpoint in this Circuit. See H.F. v. Albarran, No. 1:25-cv-1795 TLN EFB, 2025 WL 3691081, at *3 (E.D. Cal. Dec. 19, 2025); Salcedo Aceros v. Kaiser, No. 25-cv-6924 EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

Courts in this Circuit have found that Section 1225 applies to those apprehended upon arrival to the United States while Section 1226 applies to those already living within the United States. See, e.g., Bostock, 779 F. Supp. 3d at 1257 (finding petitioner likely to succeed on merits of argument that 1225(b)(2)(A) "should be read to narrow mandatory detention under that subsection to noncitizens who are apprehended while seeking to enter the country, and that noncitizens already residing in the United States, including those who are charged with inadmissibility, continue to fall under the discretionary detention scheme in Section 1226") (internal quotation marks omitted); J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO-HC, 2025 WL 3013328, at *6–7 (E.D. Cal. Oct. 27, 2025).

E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025). The undersigned agrees with this analysis and follows the majority view in finding that the applicable statute governing petitioners' detention here is § 1226(a), and not § 1225(b)(2).

The undersigned recognizes that divided panels of the Fifth Circuit Court of Appeals and the Eighth Circuit Court of Appeals recently held that individuals like petitioner who have never

---

[2] The undersigned changed "alien" to "non-citizen" in these passages. This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years. See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.' " (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

been formally admitted into the United States and are arrested in the interior of the country are properly subject to detention under § 1225(b)(2).  See Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026); Avila v. Bondi, -- 4th --, 2026 WL 819258 (8th Cir. Mar. 25, 2026). However, the undersigned does not find the majority's statutory analysis in either case persuasive, instead finding persuasive the statutory analysis of the dissenting judges.

The dissent's analysis largely tracks the analysis in the majority of cases decided in this court, see E.L.D.M., 2025 WL 3707140, at *3-4, and the analysis adopted by a divided motions panel of the Seventh Circuit Court of Appeals, see Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"). The undersigned does not adopt the Fifth Circuit's reading of the statutory scheme in Buenrostro-Mendez or the Eighth Circuit's reading of the same in Avila.

Having determined that petitioners are subject to the discretionary detention scheme in § 1226(a), the undersigned concludes that relief is warranted with respect to claim two in the § 2241 petition.[3]  Section 1226(a) expressly authorizes release on bond and its authorizing regulations provide for immigration judges to convene bond hearings.  Accordingly, Respondents are violating the INA, as codified at 8 U.S.C. § 1226(a), by detaining petitioners without bond hearings.  Habeas relief is warranted on claim two.

**IV.    Scope of Relief**

The undersigned must next determine the scope of habeas relief.  In their § 2241 application, petitioners seek an order directing Respondents to "immediately release Petitioners due to Respondents' failure to provide Petitioners with the required initial custody determination at the time of their arrest;" or, in the alternative, an order "requiring Respondents to provide Petitioners with a bond hearing within seven days[.]"  ECF No. 1 at 12.  In their traverse,

---

[3]  In the interests of judicial economy and based on the recommendation that relief be granted, the remaining claims are not addressed herein.  See Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 205 (2009) ("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case") (citations omitted).

petitioners focus on their entitlement to a bond hearing pursuant to 8 U.S.C. § 1226(a).  ECF No. 17 at 2-3.

In both Labrador-Prado and Tinoco, Judge Coggins ordered the petitioner's immediate release and set the parameters for any pre-deprivation bond hearing held pursuant to § 1226(a). However, a key distinction between those cases and the present action is that the Labrador-Prado and Tinoco petitioners had been released on their own recognizance pursuant to § 1226(a) prior to the detention at issue in their respective habeas petitions.  Labrador-Prado, 2025 WL 3458802, at *4; Tinoco, 2025 WL 3567862, at *1.  Petitioners, on the other hand, all entered the United States without inspection prior to their current detention and are all physically present without being lawfully admitted.  See ECF No. 17 at 2.  This is a distinction with a difference.

Considering § 1226(a)'s discretionary detention framework, as well as the absence of any prior release on bond pursuant to § 1226(a), the undersigned does not find immediate release to be an appropriate remedy.  See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025) (denying Petitioner's request for immediate release and explaining that "that the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)").  Instead, the undersigned concludes that petitioners are entitled to a bond hearing within seven days.  But see Feng v. Lyons, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, *1 (E.D. Cal. Feb. 19, 2026) (finding the appropriate remedy for the denial of a statutory bond hearing pursuant to 8 U.S.C. § 1226(a) was immediate release from immigration custody in a case involving a noncitizen who entered the U.S. without inspection and lived in the interior of the country prior to being detained by ICE).

The undersigned also finds that DHS should bear the burden at the bond hearing of demonstrating that the detention of any petitioner is necessary based on either risk of flight or danger to the community.  In Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022), the Ninth Circuit upheld the facial constitutionality of § 1226(a)'s burden of proof because of its vast procedural protections and expressly noted that the petitioner there was "subject to § 1226(a) and

its bond determination processes from the onset of his detention." Rodriguez Diaz, 53 F.4th at 1211. By contrast, petitioners here have been erroneously detained for between five and seven months under § 1225(b), which "on its face offers no opportunity for release on bond." Id. at 1197. Given petitioners' weighty liberty interest and the lengthy deprivation of their § 1226(a) procedural rights, the undersigned finds that due process requires the government to bear the burden of proof. See Velasquez Salazar v. Dedos, 806 F. Supp. 3d 1231, 1246 (D.N.M. 2025) (ordering § 1226(a) hearing and shifting burden to government where petitioner was unlawfully subject to mandatory detention for three months).

Accordingly, IT IS ORDERED that the Clerk of the Court remove Julian De La Rosa Gonzalez from the docket based on his notice of voluntary dismissal. ECF No. 18.

Moreover, IT IS HEREBY RECOMMENDED that:

1. The remaining petitioners' § 2241 application (ECF No. 1) be granted as to claim two based on a violation of the INA.

2. Respondents be ordered to provide a bond hearing for petitioners (**Gustavo De La Paz Salazar, A#246-059-190; Manuel Arrellano Ramirez, A#234-034-800;; and, Jorge Luis Lopez Vasquez, A#086-240-132**) before an Immigration Judge within seven days. At the bond hearings respondents should bear the burden of establishing that each petitioner poses a risk of flight or danger to the community.

3. Respondents be directed to file a notice of compliance within three days of the bond hearings for petitioners documenting the date and result of said hearings.

4. If petitioners are granted release on bond, respondents shall return all of their documents and possessions at the time of release.

5. The Clerk of Court be directed to enter judgment in favor of petitioners and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period

8

is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 3, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

9